UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LEE WALLACH LORRETZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:16-cv-784-GEB-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, has filed a complaint and an application to proceed with this case *in forma pauperis* pursuant to 28 U.S.C. 1915. ECF Nos. 1, 2. As discussed below, she satisfies the financial requirements for proceeding *in forma pauperis,* but her complaint must be dismissed without leave to amend.[1]

Plaintiff's application makes the financial showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF Nos. 2, 9. Accordingly, the request to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(a). However, that does not end the inquiry. The court must screen her complaint to determine whether it is frivolous or fails to state a claim.

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

---

[1] Because the complaint must be dismissed, plaintiff's request for an immediate hearing, ECF No. 5, is denied as moot.

1

which relief may be granted, or seeks monetary relief against an immune defendant. Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, review of plaintiff's first amended complaint (ECF No. 8) reveals that it must be dismissed for failure to state a claim.[2]  Her amended complaint consists of disjointed and unintelligible allegations that fail to support, or even suggest, a cognizable legal claim.  Even the intended defendant(s) are unclear.  Although the caption page identifies the United States as the sole defendant, the text of the complaint states that all defendants are "unnamed at this time."  ECF No. 8 at 2.  The complaint alleges that defendant "organized piracy" and kidnapping in relation to a civil lawsuit.  *Id*. at 5.  Plaintiff alleges that she "said don't build St. Lawrence Seaway nor Nuclear Power."  *Id*.  She further alleges that defendant's fraud created waste and abuse, as well as "too many hoax court cases."  *Id*.  She also alleges that she refuses to be tortured "even if it's drugs or water boarding or electricity or laser burns . . . ."  *Id*.

The amended complaint, however, does not identify any specific causes of action.  Nor does it include any coherent factual allegations which could plausibly support a cognizable claim for relief.  Accordingly, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. 1915(e)(2).  Further, it is clear that another amendment cannot cure the deficiencies.[3]  Therefore, it is recommended that the dismissal be without further leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se
/////

---

[2] Before the court had an opportunity to screen plaintiff's original complaint, she filed a first amended complaint.  Plaintiff was permitted to amend her complaint without leave of court.  *See* Fed. R. Civ. P. 15(a) (permitting a plaintiff to amend her complaint once as a matter of course within 21 days after the filing of a responsive pleading).

[3] Plaintiff's original complaint was plagued with similar incoherent rambling.  *See generally* ECF No. 1.

plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).[4]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF Nos. 2, 9) is granted.

2. Plaintiff's request for an immediate hearing (ECF No. 5) is denied.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend;

2. All other pending motions be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] On May 17, 2016, plaintiff filed a pleading entitled "Motion to Transfer to Criminal Case Status at Status Conference."  ECF No. 10.  The pleading is incomprehensible.  In light of the recommendation that this action be dismissed with prejudice, that motion is moot.